UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MOHAMMED QUADIR,

                                                                                        16-Civ-7476 (JPO)

                             Plaintiff,

       -against-

NEW YORK STATE DEPARTMENT OF LABOR,

                           Defendant.
------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF STATE DEFENDANT'S MOTION TO DISMISS
THE COMPLAINT**

**Preliminary Statement**

      Plaintiff pro se, Mohammed Quadir, brings this action for monetary damages and a reasonable accommodation against the New York State Department of Labor ("DOL" or "State Defendant").  Plaintiff, a former employee of DOL, alleges employment discrimination based on his disability under the federal Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"), the New York State Human Rights Law, New York Executive Law, Article 15, § 290 et seq. ("SHRL"), and the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. ("RA").

      In his Response and Opposition, filed April 5, 2017, plaintiff does not address DOL's legal arguments in support of the motion, but instead argues that this new action should not be barred by collateral estoppel because the Court previously limited his first action to incidents occurring before May 30, 2014, the hearing officer presiding over his Civil Service Law Section 72 Hearing was biased, and that both his first federal court action and his Section 72 hearing are currently being appealed.  See Plaintiff's Response and Opposition (hereinafter "Opposition") p.

3-5.  Furthermore, plaintiff argues that he has stated a claim for failure to accommodate because his supervisor Atul Sheffey could have granted him a reasonable accommodation in the form of arriving late to work, that his 2014-15 performance evaluation was discriminatory, and that his retaliation claim should survive because his prior federal action is a protected activity.  See id. p. 5-12.

This reply memorandum of law is respectfully submitted on behalf of the State Defendant in further support of its motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The motion to dismiss should be granted upon the grounds that the Court lacks subject matter jurisdiction because the Eleventh Amendment bars plaintiff's ADA and SHRL claims, plaintiff's claims are further barred by collateral estoppel, and the complaint fails to state a claim upon which relief can be granted.[1]

## ARGUMENT

### POINT I

### Plaintiff's Claims Are Barred by Collateral Estoppel

Defendant, by its motion to dismiss the complaint in this action, argued that plaintiff's complaint should be dismissed, in part, on grounds that it is barred under the doctrine of collateral estoppel by this Court's June 29, 2016 Opinion and Order in plaintiff's first federal action, Quadir v. NYS Dept. of Labor, 2016 WL 3633406 (S.D.N.Y. Jun. 29, 2016), as well as the hearing officer's April 11, 2016 decision, see Siudzinski Decl., Ex. C, and findings of fact therein, in plaintiff's Civil Service Law Section 72 Hearing (hereinafter "Section 72 hearing").  The doctrine of collateral estoppel bars re-litigation of issues previously litigated to a final

---

[1] By plaintiff's Opposition, plaintiff fails to dispute that his ADA and SHRL claims are barred by sovereign immunity.  Accordingly, those claims should be dismissed.

adjudication and in which a party had a full and fair opportunity to litigate the matter. See Sassower v. Abrams, 833 F. Supp. 253, 264 (S.D.N.Y. 1993). The parties have already litigated the issue of whether DOL has non-discriminatory reasons for its actions in dealing with plaintiff's excessive tardiness and absenteeism. DOL should not have to re-litigate this issue simply because plaintiff's new allegations and claims postdate his first federal complaint, while they clearly involve the same set of circumstances and issues previously litigated and determined by this Court.

Plaintiff, by his Opposition, does not dispute that he had a fair and full opportunity to litigate his claims in his first federal action and his Section 72 hearing. Instead, plaintiff argues that this new action should not be barred by collateral estoppel because the Court erred in its Order, the Section 72 hearing officer was biased and his decision is not supported by the facts, and plaintiff is now appealing both decisions, respectively. See Opposition, p. 3-5. Plaintiff provides no legal or factual support in favor of these arguments.

First, a pending appeal does not negate the preclusive effects of a final decision. See Petrella v. Siegel, 843 F.2d 87, 90 (2d Cir. 1988) (citing Huron Holding Corp. v. Lincoln Mine Operating Co. 312 U.S. 183, 189 (1941). Second, if, as plaintiff argues, this Court erred in its earlier Order in plaintiff's first federal action, than the proper means to address it is through an appeal and not by bringing a successive action at the one here. Similarly, if plaintiff is aggrieved by the hearing officer's Decision then the appropriate remedy is to appeal it rather than attack its veracity in this action. In any event, plaintiff provides no support for either his legal or factual contentions that this Court erred or that the hearing officer was biased; these baseless arguments should not be entertained here.

In contrast, plaintiff's arguments in his Opposition clearly demonstrate that the issues

raised in this new action should be barred. In support of his arguments, plaintiff repeatedly refers the Court to documents that he filed in the first federal action, including depositions of witnesses and his own affidavit, and his written appeal of the hearing officer's decision that he has attached as an exhibit to his Opposition. See Opposition, Exhibit p. 7-15. There is no dispute that plaintiff's new claims are inextricably linked with those from his first action and the Section 72 hearing, all of which are related to his excessive tardiness and absenteeism as an employee of DOL. Specifically, plaintiff's allegations of discriminatory conduct by DOL, occurring both before May 30, 2014[2] and after, are in each instance actions taken by DOL to deal with and proscribe plaintiff's excessive tardiness and absenteeism. This Court, by its earlier Order, has already determined that such actions by DOL were appropriate in light of plaintiff's tardiness and absenteeism. See Quadir, 2016 WL 3633406, at *4-7. Likewise, the hearing officer determined it was reasonable for DOL to have plaintiff medically evaluated and to suspend his employment based on the physician's finding that plaintiff was unfit to perform his job duties. See Siudzinski Decl., Ex. C, p. 12-16. It is of no consequence that plaintiff's new claims postdate May 30, 2014, given that DOL's alleged discriminatory actions here are a continuation of its attempts to handle plaintiff's failure to regularly attend work. Accordingly, the Court should find that plaintiff's new claims are barred under the doctrine of collateral estoppel because the issue of whether DOL had legitimate, non-discriminatory reasons for its actions was previously litigated both before this Court and the Section 72 hearing officer.

---

[2] The Court, by its May 23 and June 17, 2014 Orders in Quadir, 13-cv-3327, Doc. 34 and 37 respectively, limited plaintiff's first action and supplemental pleadings to events occurring on or before May 30, 2014 and granted him permission to file a new federal action at a later date if necessary.

## POINT II

## **Plaintiff Fails to State a Cause of Action**

Defendant further argued that plaintiff's complaint should be dismissed because plaintiff has failed to state a claim upon which relief can be granted. Again, plaintiff, rather than address defendant's legal arguments that he has failed to state a claim for failure to accommodate, discrimination, and retaliation he repeats his allegations from his complaint and makes new allegations and factual assertions without support.

**A.      Plaintiff's Failure to Accommodate Claim Should be Dismissed**

Plaintiff's argument that DOL, by his supervisor Atul Sheffey, denied his request to arrive late to work on a regular basis in violation of his rights is wholly without support. Plaintiff repeats his allegation that when he approached Sheffey on November 12, 2014 to request that he be allowed to show up to work up to a full hour late on a regular basis, Sheffey denied it without reason. Plaintiff further alleges that Sheffey "did not even give [him] the option of filing a formal reasonable accommodation (RA) request with DOL's DEOD office." See Opposition, p. 5.

First, this Court has already determined that DOL is under no obligation to provide plaintiff with a limited or altered work schedule, including the right to show up to work late on a regular basis. See Quadir, 2016 WL 3633406, at *7. Second, plaintiff is fully aware that he did not need Sheffey's permission to file an RA request with DEOD, and acknowledges in the next line of his Opposition, and elsewhere, that he could have made such a request on his own. See id., p. 5-7. Third, plaintiff, at all times, refused to engage in the formal request process with DEOD, and therefore DOL had no obligation to consider his informal requests given plaintiff's history of excessive absences and tardiness. Although DOL supervisors have, in some limited

5

circumstances, capacity to grant informal accommodation requests, plaintiff's specific circumstances of being placed on "full restrictions" in April 2014 required plaintiff to provide medical or other documentation for all of his absences and late arrivals. Plaintiff, at no time, ever provided such documentation and his placement on "full restrictions" removed any authority Sheffey may have had to consider plaintiff's request for an altered work schedule.

**B. Plaintiff has Failed to Plead a Disability Discrimination Claim**

Defendant, by its motion, argued that plaintiff failed to state a claim for disability discrimination because he was neither otherwise qualified under the law to perform his job duties, nor did he suffer an adverse employment action. Plaintiff argues that he was otherwise qualified, but concedes that his disability and the use of medication prevents him from timely arriving to work on a regular basis. See Opposition, p. 8-9. Plaintiff may believe he was qualified, but under the law an employee who cannot show up to work on time cannot perform the essential functions of the job and therefore is not otherwise qualified. See Davis v. Bowes, 1997 WL 655953, at *16 (S.D.N.Y. Oct. 20, 1997). For purposes of this motion, DOL does not dispute that plaintiff's excessive tardiness and absences are due to his depression and use of medication. The Court has previously found that an employee who is excessively tardy due to depression and the use of sedating medication, is not otherwise qualified to perform his job duties. See Guice-Mills v. Derwinski, 772 F.Supp. 188, 199 (S.D.N.Y. 1991), aff'd 967 F.2d 794 (2d Cir. 1992). A plaintiff who is not otherwise qualified for his or her job duties has failed to state a claim for disability discrimination. See Giordano v. City of New York, 274 F.3d 740, 747 (2d Cir. 2001). Plaintiff's claim for discrimination may be dismissed on this factor alone.

Plaintiff does not dispute that the disciplinary write-ups, the desk move, and the medical examinations are not, by themselves, materially adverse to constitute discrimination. Plaintiff,

however, argues that his 2014-15 performance evaluation, proposed eight-week suspension, and eventual suspension from employment in October 2015 are sufficiently adverse. See Opposition, p. 8-10.  First, plaintiff's 2014-15 performance evaluation and proposed eight-week suspension were for non-discriminatory reasons, namely in response to plaintiff's excessive tardiness and absences.  As argued above, see supra Section I, the Court has already found that DOL had non-discriminatory reasons for its actions.  Second, both the performance evaluation and proposed eight-week suspension did not affect plaintiff's duties, salary, or benefits; the eight-week suspension was never imposed on plaintiff (see Siudzinski Decl. Ex. B.), and plaintiff was not eligible to receive his annual performance raise until October 2015,[3] at which time he was suspended following the medical examiner's determination that he was unfit to work.  The Section 72 hearing officer has already determined that plaintiff's suspension in October 2015 was reasonable and appropriate given the circumstances.  See Siudzinski Decl., Ex. C., p. 14-16. There is no action that DOL has taken against plaintiff that has materially altered plaintiff's duties, salary, or benefits, other than the October 2015 suspension, which was done for legitimate, non-discriminatory reasons.  Plaintiff's claim for discrimination should be dismissed.

## C.     Plaintiff has Failed to Plead a Retaliation Claim

Defendant, by its motion, argued that plaintiff's alleged actions of retaliation, which are the same as the alleged acts of discrimination, are neither adverse acts to support a claim of retaliation, nor causally connected to plaintiff's alleged protected activities, because they either predated such activities or were too attenuated in time therefrom.  Plaintiff now argues that his

---

[3] Pursuant to the relevant union contract with the State and the State's fiscal year, which begins on April 1, employees with service anniversaries between April 2 and October 1, such as plaintiff here, receive their annual performance raises in October, and those with anniversaries between October 2 and the following April 1, receive their raises in April.

7

first federal action should be considered a protected activity, but fails to dispute defendant's original arguments. See Opposition, p. 11-12. Accordingly, plaintiff seemingly concedes that the disciplinary write-ups, the proposed eight-week suspension that did not occur, the transfer to a different desk, and the 2014-15 performance evaluation are not materially adverse.

Plaintiff's argument that his first federal action should be treated as a protected activity provides no support for his claim of retaliation. First, it should be noted as the Court noted in its June 29, 2016 Opinion and Order in the prior action, that DOL's actions to curb plaintiff's excessive tardiness and absences predate plaintiff's first request for an accommodation (February 2012) and also predate plaintiff's first action. See Quadir, 2016 WL 3633406, at *7. Second, by the returned executed summons in the prior action, plaintiff served DOL with the complaint on November 9, 2013, nearly two years prior to plaintiff's medical examinations in September 2015, and his suspension from employment in October 2015. See 13-cv-3327, ECF #9. Although filing a lawsuit is a protected activity, see Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996), plaintiff provides no legal support for the idea that the ongoing litigation of a lawsuit extends the date upon which a protected activity is deemed to have occurred. Periods of three months or more are typically too long to establish a causal connection for retaliation claims. See Altieri v. Albany Pub. Library, 172 Fed. App'x 331, 333 (2d Cir. 2006); McCoy v. State, 16 Misc. 3d 1128(A), at *5-6 (Ct. Cl. 2007). None of plaintiff's alleged protected activities are sufficiently causally connected to demonstrate a claim of retaliation.

Plaintiff, rather than dispute defendant's argument that the alleged discriminatory acts were not materially adverse, argues that the court should look at the totality of the circumstances, *i.e.* the number of alleged disciplinary write-ups. Although a plaintiff may establish a hostile work environment claim when there is an absence of a discrete discriminatory or retaliatory act,

8

the plaintiff must demonstrate that the series of incidents were so severe or pervasive as to have altered the conditions of the working environment.  See Whidbee v. Garzarelli Food Specialities, Inc., 223 F.3d 62, 69 (2d Cir. 2000).  The plaintiff, however, must point to a physical threat, humiliation, discriminatory intimidation, ridicule, or insult to establish such a claim.  See Boyd v. Presbyterian Hosp., 160 F. Supp. 2d 522, 541-42 (S.D.N.Y. 2001).  None of those factors are present here.  Claims of hostile work environment based on negative performance evaluations, criticism of work, and denial of leave are not considered objectively hostile.  See id.  In any event, none of DOL's alleged acts of retaliation have had any effect on plaintiff's willingness to file complaints to the DHR and the EEOC, appeal DOL's administrative actions, or to commence these lawsuits.  See Tepperwein v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 572 (2d Cir. 2011).  Accordingly, plaintiff's retaliation claim should be dismissed.

## CONCLUSION

For all of the foregoing reasons as well as those set forth in State Defendant's initial Memorandum of Law dated February 8, 2017, the State Defendant's Motion to Dismiss the Complaint should be granted.

Dated: New York, New York  
      April 19, 2017

Respectfully submitted,

ERIC T. SCHNEIDERMAN  
Attorney General of the  
 State of New York  
Attorney for State Defendant

By:        /s/  
MICHAEL SIUDZINSKI  
Assistant Attorney General  
120 Broadway, 24th Floor  
New York, New York 10271

MICHAEL SIUDZINSKI  
Assistant Attorney General  
Of Counsel