UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED QUADIR, | |
| Plaintiff, | |
| – v. – | No. 16 Civ. 7476 (JPO) |
| NEW YORK STATE DEPARTMENT OF LABOR, | |
| Defendant. | |
| MOHAMMED QUADIR, | |
| Plaintiff, | |
| – v. – | No. 17 Civ. 5177 (JPO) |
| NEW YORK STATE DEPARTMENT OF LABOR, | |
| Defendant. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

LETITIA JAMES
Attorney General
State of New York
28 Liberty Street
New York, New York 10005
(212) 416-8651
*Attorney for Defendant*

Michael A. Berg
Assistant Attorney General

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL STANDARDS ............................................................................................................. 2

ARGUMENT ............................................................................................................................. 4

    I.      PLAINTIFF HAS ABANDONED AND FAILED TO SUPPORT
           HIS "REASONABLE ACCOMMODATION" CLAIM .............................................. 4

    II.     PLAINTIFF HAS FAILED TO CITE FACTS IN SUPPORT
           OF HIS DISCRIMINATION CLAIM ........................................................................ 5

    III.    PLAINTIFF HAS ABANDONED AND FAILED
           TO SUPPORT HIS RETALIATION CLAIM ........................................................... 10

CONCLUSION ........................................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES**                                                                      **Page(s)**

*Bartley v. Collins*,
   No. 95 Civ. 10161 (RJH), 2006 WL 1289256 (S.D.N.Y. May 10, 2006) ...............................10

*Belpasso v. Port Auth. of N.Y. & N.J.*,
   400 F. App'x 600 (2d Cir. 2010) .............................................................................................2

*Betts v. Rodriquez*,
   No. 15 Civ. 3836 (JPO), 2017 WL 2124443 (S.D.N.Y. May 15, 2017) ...................................4

*Daley v. Cablevision Sys. Corp.*,
   No. 12 Civ. 6316 (NSR), 2016 WL 880203 (S.D.N.Y. Mar. 7, 2016), *aff'd*,
   675 F. App'x 97 (2d Cir. 2017) ...............................................................................................4

*Dechberry v. N.Y.C. Fire Dep't*,
   124 F. Supp. 3d 131 (E.D.N.Y. 2015) ......................................................................................6

*Derosa v. CAC Fin. Corp.*,
   740 F. App'x 742 (2d Cir. 2018) .............................................................................................2

*Hayes v. Cnty. of Sullivan*,
   853 F. Supp. 2d 400 (S.D.N.Y. 2012) ......................................................................................4

*Holtz v. Rockefeller & Co.*,
   258 F.3d 62 (2d Cir. 2001) ......................................................................................................3

*Hooker v. Fournier*,
   29 F. App'x 641 (2d Cir. 2002) .............................................................................................10

*LG Capital Funding, LLC v. PositiveID Corp.*,
   No. 17 Civ. 1297 (NGG) (SJB), 2019 WL 3437973 (E.D.N.Y. July 29,
   2019), *report and recommendation adopted*, 2019 WL 4564882 (Sept. 20,
   2019) ........................................................................................................................................3

*Quadir v. N.Y. State Dep't of Labor*,
   No. 13 Civ. 3327 (JPO), 2016 WL 3633406 (S.D.N.Y. June 29, 2016), *aff'd,*
   691 F. App'x 674 (2d Cir. 2017) ...............................................................................1, 5, 7, 9

*Ramirez v. N.Y.C. Bd. of Educ.*,
   481 F. Supp. 2d 209 (E.D.N.Y. 2007) ......................................................................................6

*Rinaldi v. Quality King Distributors, Inc.*,
   29 F. Supp. 3d 218 (E.D.N.Y. 2014) ........................................................................................6

*Sasson v. Mann*,
   No. 15 Civ. 6601 (CS), 2019 WL 3532155 (S.D.N.Y. Aug. 2, 2019)......................................3

*Seabrook v. v. N.Y.C. Health & Hosps. Corp.*,
   No. 13 Civ. 4164 (NRB), 2015 WL 273652 (S.D.N.Y. Jan. 20, 2015)................................7, 9

*T.Y. v. N.Y.C. Dep't of Educ.*,
   584 F.3d 412 (2d Cir. 2009)................................................................................................3

*Turner v. Sidorowicz*,
   No. 12 Civ. 7048 (NSR), 2016 WL 3938344 (S.D.N.Y. July 18, 2016) ............................ 4-5

*Whitehurst v. 230 Fifth, Inc.*,
   998 F. Supp. 2d 233 (S.D.N.Y. 2014)..................................................................................3

*Zdorenko v. Meow Inc.*,
   No. 12 Civ. 671 (KBF), 2013 WL 3528587 (S.D.N.Y. July 11, 2013) ..................................3

## FEDERAL CONSTITUTIONAL PROVISIONS, STATUTES, AND RULES

Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*.......................................................................1

Fed. R. Civ. P. 56(a) ........................................................................................................................1

Fed. R. Civ. P. 56(e) ....................................................................................................................2, 10

Local Civil Rule 56.1 .............................................................................................................. passim

Local Civil Rule 56.1(b) ..................................................................................................................3

Local Civil Rule 56.1(c) ..................................................................................................................3

Local Civil Rule 56.1(d) ..................................................................................................................3

## STATE CONSTITUTIONAL PROVISIONS, STATUTES, AND RULES

New York Civil Service Law ("CSL")
   § 72.............................................................................................................................8-9
   § 73.............................................................................................................................9

DOL respectfully submits this reply memorandum of law in further support of its motion for summary judgment, pursuant to Fed. R. Civ. P. 56(a).[1]

## PRELIMINARY STATEMENT

Plaintiff, a former DOL employee, was absent from work 189 times in a two-year period and was chronically late when he showed up at all. Plaintiff was suspended pursuant to the New York Civil Service Law (the "CSL") after an independent psychological examination determined that he was unfit to perform his duties. His request for reinstatement was denied after a second psychological examination reached the same conclusion. Thereafter, Plaintiff never submitted any medical evidence demonstrating that he was fit to resume work. As a result, his employment was terminated pursuant to the CSL after his suspension exceeded one year. In these actions, Plaintiff asserts claims under the Rehabilitation Act alleging discrimination, retaliation, and a failure to accommodate his alleged disability, major depressive disorder.

Plaintiff's Opposition fails to address the legal and factual grounds for summary judgment advanced by DOL. Plaintiff cites no legal authorities in support of his claims, nor does he respond to any of the cases cited by DOL. More fundamentally, Plaintiff fails to address, much less refute, the reasons for summary judgment set forth in the DOL Memorandum.

Instead of grappling with DOL's arguments on their merits, Plaintiff's Opposition primarily criticizes the two psychological evaluations that resulted in his suspension and its continuation. Plaintiff's attacks on the psychological examinations are meritless. Moreover, DOL lawfully relied on the psychologists' determination, confirmed and conveyed to DOL by the New

---

[1] Capitalized and abbreviated terms are defined in the Memorandum of Law in Support of Defendant's Motion for Summary Judgment, filed August 23, 2019 (*Quadir II*, ECF No. 67; *Quadir III*, ECF No. 40), cited as "DOL Memorandum." Plaintiff's Opposition to Defendant DOL's 8/23/19 Motion for Summary Judgment, filed January 14, 2020 (*Quadir II*, ECF No. 88; *Quadir III*, ECF No. 60), is cited as "Plaintiff's Opposition." *Pro Se* Plaintiff, Mohammed Quadir's, Responses to Defendant DOL's 56.1 Statement, filed February 6, 2020 (*Quadir II*, ECF No. 92, 92-1; *Quadir III*, ECF No. 64, 64-1), is cited as "Plaintiff's Rule 56.1 Response."

York State Employee Health Service ("EHS"), that Plaintiff was not psychologically fit to perform his job duties. Thus, even if Plaintiff could raise a fact issue as to the accuracy or fairness of the examinations, it would not be material to his claims against DOL.

It is undisputed, moreover, that Plaintiff was suspended solely because the psychologists found him unfit for duty, and terminated solely because he had been suspended for more than a year. Thus, Plaintiff has failed to raise a genuine issue for trial as to whether either of these employment decisions was discriminatory. Regarding his failure to accommodate claim, the undisputed evidence is that Plaintiff did not request an accommodation, and that the accommodation he claims he should have received – a flexible workday – would have altered the essential functions of his job, and would not have prevented his excessive absenteeism.

Accordingly, DOL is entitled to summary judgment on all claims as a matter of law.

## LEGAL STANDARDS

"To defeat a properly supported summary judgment motion, the opposing party must proffer admissible evidence that sets forth specific facts showing a genuinely disputed factual issue that is material under the applicable legal principles." *Derosa v. CAC Fin. Corp.*, 740 F. App'x 742, 743 (2d Cir. 2018); Fed. R. Civ. P. 56(e).[2] The non-moving party "does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory, or based on speculation." *Id*. Even a *pro se* plaintiff "must present admissible evidence from which a reasonable jury could find in his favor." *Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010).

Additionally, properly supported facts set forth by the moving party "will be deemed to be admitted for purposes of the motion unless specifically controverted" by the non-moving

---

[2] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, ellipses, and citations are omitted.

party. *See* Local Civil Rule 56.1(b), (c). When denying any statement of fact, the non-moving

party must cite admissible evidence in support of the denial. *See id.*, Rule 56.1(b), (d).

"The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment

motions by freeing district courts from the need to hunt through voluminous records without

guidance from the parties." *LG Capital Funding, LLC v. PositiveID Corp*., No. 17 Civ. 1297

(NGG) (SJB), 2019 WL 3437973, at *2 (E.D.N.Y. July 29, 2019) (quoting *Holtz v. Rockefeller*

*& Co.*, 258 F.3d 62, 74 (2d Cir. 2001)), *report and recommendation adopted*, 2019 WL 4564882

(Sept. 20, 2019). "Legal arguments are impermissible in any Rule 56.1 Statement and are to be

disregarded." *Id.* A nonmoving party cannot create a triable fact issue by claiming he does not

know whether the asserted fact is true, citing irrelevant "evidence," or interposing a bare denial

unsupported by admissible evidence. *Whitehurst v. 230 Fifth, Inc.*, 998 F. Supp. 2d 233, 249

(S.D.N.Y. 2014). "In all of these cases," the non-moving party "effectively admit[s] the fact at

issue." *Id.* "The law is clear that '[a] nonmoving party's failure to respond to a Rule 56.1

statement permits the court to conclude that the facts asserted in the statement are uncontested

and admissible.'" *Zdorenko v. Meow Inc.*, No. 12 Civ. 671 (KBF), 2013 WL 3528587, at *2

(S.D.N.Y. July 11, 2013) (quoting *T.Y. v. N.Y.C. Dep't of Educ.,* 584 F.3d 412, 418 (2d Cir.

2009)). "A *pro se* litigant is not excused from this rule." *Id.*

Here, Plaintiff admits most of the facts set forth by DOL. But in many instances, he

embroiders his responses with legal arguments and narratives that are both irrelevant and

unsupported by any evidence. (Pl.'s Rule 56.1 Resp. ¶¶ 2-3, 5-6, 10-11, 21-23, 30, 32, 34-35, 38-

39, 41, 43-47, 53-54, 56-58.) The Court should disregard Plaintiff's non-responsive contentions

and deem DOL's facts admitted in their entirety. *See, e.g., Sasson v. Mann*, No. 15 Civ. 6601

(CS), 2019 WL 3532155, at *3, n.3 (S.D.N.Y. Aug. 2, 2019).

## ARGUMENT

### I.     PLAINTIFF HAS ABANDONED AND FAILED TO
###        SUPPORT HIS "REASONABLE ACCOMMODATION" CLAIM

Plaintiff has failed to raise a triable issue of fact on his reasonable accommodation claim.

Plaintiff asserts that DOL should have allowed him to show up late to work whenever he deemed it necessary. (*See, e.g.*, Pl.'s Rule 56.1 Resp. ¶ 30.) But Plaintiff admits that he did not request a late arrival time as an accommodation, or any accommodation at all after 2012. (DOL Mem. at 26-27; Pl.'s Rule 56.1 Resp. ¶¶ 26, 28-30.) On that basis alone, this claim must be dismissed. (DOL Mem. at 25-26.) Moreover, allowing Plaintiff to arrive late to work would have disrupted DOL operations, inconvenienced co-workers and job-seekers, and altered Plaintiff's essential job duties. (*Id.* at 27-28.) Further, allowing Plaintiff to arrive late to work would have been ineffective as an "accommodation" because it would not have prevented him from missing work entirely more than 90 days per year. (*Id.* at 28-29.)

Plaintiff's Opposition does not dispute DOL's arguments for summary judgment on his reasonable accommodation claim, nor does he cite any evidence or legal authority in support of the claim. Accordingly, the claim must be dismissed as abandoned or, in the alternative, because Plaintiff has not raised a genuine issue of material fact.

"Even a plaintiff proceeding *pro se* will be deemed to have abandoned a claim if he fails to respond to defendant's summary judgment arguments." *Daley v. Cablevision Sys. Corp.*, No. 12 Civ. 6316 (NSR), 2016 WL 880203, at *6 (S.D.N.Y. Mar. 7, 2016), *aff'd*, 675 F. App'x 97 (2d Cir. 2017). *See also Betts v. Rodriquez*, No. 15 Civ. 3836 (JPO), 2017 WL 2124443, at *2 (S.D.N.Y. May 15, 2017); *Turner v. Sidorowicz*, No. 12 Civ. 7048 (NSR), 2016 WL 3938344, at *4 (S.D.N.Y. July 18, 2016); *Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 418 (S.D.N.Y. 2012). Summary judgment on grounds of abandonment "is warranted regardless of Plaintiff's

4

*pro se* status, as Plaintiff has shown that he is capable of opposing motions, submitting evidence, and communicating issues with the Court." *Turner*, 2016 WL 3938344, at *4.

Instead of citing any evidence that he requested a late starting time as an accommodation during the time period covered by these actions, Plaintiff states that he asked to be exempted from teaching workshops in 2012, and from certain other duties in 2013. (Pl.'s Opp. at 2 & n.3.) Any claim based on these events is barred by the three-year statute of limitations, the Court's prior orders, and its grant of summary judgment in *Quadir I*. (DOL Mem. at 31; *Quadir I*, ECF No. 37, at 2 (Order dated June 17, 2014); *Quadir I*, 2016 WL 3633406, at *3.)[3]

Plaintiff's Opposition also fails to rebut (or even acknowledge) DOL's proof that allowing him to arrive late to work would have altered an essential job requirement, and would not have prevented him from being absent more than 90 times annually. (DOL Mem. at 27-29.) Thus, his reasonable accommodation claims fails for this independent reason as well.

Accordingly, the Court should grant summary judgment dismissing Plaintiff's reasonable accommodation claim as abandoned, or on its merits for failure to raise triable issue of fact.

## II.   PLAINTIFF HAS FAILED TO CITE FACTS IN SUPPORT OF HIS DISCRIMINATION CLAIM

DOL's Memorandum established that under governing law, Plaintiff's inability to attend work on a timely and consistent basis rendered him unqualified to perform the essential duties of his former position. (DOL Mem. at 14-17.) Plaintiff does not respond to this argument.

---

[3] Plaintiff's Rule 56.1 Response states that his supervisors "repeatedly denied Plaintiff's reasonable accommodation requests to come to work a little later in the morning at reduced pay." (Pl.'s Rule 56.1 Resp. ¶ 9.) Apart from its improper inclusion in a Rule 56.1 response, the argument is unsupported. Plaintiff cites a Declaration he filed in *Quadir I* (ECF No. 134-2, ¶ 5), which: (i) is not part of the evidence in this case; (2) concerns events in 2013; and (3) does not state that Plaintiff ever requested a late arrival time as an accommodation. To the contrary, Plaintiff has admitted in this action that he made no such request. (Pl.'s Rule 56.1 Resp. ¶¶ 26, 28-30.)

Plaintiff's Rule 56.1 Response also cites an email from a supervisor, Atul Sheffey, as purported evidence that his request for a late arrival time was denied. (Pl.'s Rule 56.1 Resp. ¶ 5.) But at his deposition, Plaintiff testified that he did not request such an accommodation at or about the time of the email. (DOL Mem. at 6-7 (citing Pl. Tr. 110:23 to 111:5, 128:19 to 129:5, 138:12 to 140:25)).

Specifically, it is undisputed that an employer is not required "to tolerate chronic absenteeism even when attendance problems are caused by an employee's disability." *Dechberry v. N.Y.C. Fire Dep't*, 124 F. Supp. 3d 131, 153 (E.D.N.Y. 2015), *cited in* DOL Mem. at 14. It is also undisputed that regular and reliable attendance is an essential job function for a Labor Services Representative, and that Plaintiff was absent 189 times in the two-year period prior to his April 2015 performance evaluation. Further, it is undisputed that Plaintiff was required to meet with job-seekers during regular business hours at one of DOL's busiest facilities, and that it was "imperative that LSRs arrive at work on time, meet with job seekers promptly, provide services efficiently, and avoid excessive absences and tardiness." (Ramos Decl. ¶ 11.) Plaintiff's failure to respond to these arguments mandates dismissal of his discrimination claim. (*Id.*)

Plaintiff's contention that he met certain DOL performance metrics is immaterial. (Pl.'s Opp. at 8-9.) "To be a qualified individual, in addition to possessing the skills necessary to perform the job in question, an employee must be willing and able to demonstrate those skills by coming to work on a regular basis." *Ramirez v. N.Y.C. Bd. of Educ.*, 481 F. Supp. 2d 209, 221 (E.D.N.Y. 2007). Plaintiff "has not demonstrated that he can perform an 'essential function' of his employment position—showing up for work." *Id.* (holding that teacher who was absent one-third of the school year was not "otherwise qualified" despite being capable of performing his classroom duties). *Accord Rinaldi v. Quality King Distributors, Inc.*, 29 F. Supp. 3d 218, 227 (E.D.N.Y. 2014). Plaintiff asserts that he arrived late because DOL denied his accommodation requests, but it is undisputed that he made no such request. (Pl.'s Rule 56.1 Resp. ¶¶ 26-30.)

Plaintiff's discrimination claim also fails for lack of evidence that he was subjected to an adverse employment action because of a disability. (DOL Mem. at 17-24.) Plaintiff makes no effort to argue that DOL subjected him to an adverse employment action by counseling him, rating his performance as unsatisfactory, issuing two disciplinary notices that it did not pursue, or

allegedly criticizing and "harassing" him in the workplace. (*Id.* at 18-20, 22-24.) As such, any claims based on these alleged incidents are abandoned. (*See* Part I, *supra*.)

Instead, Plaintiff contends his suspension was based on "grossly biased and flawed" psychological evaluations. (Pl.'s Opp. at 2.) That argument is factually unsupported and immaterial. For example, Plaintiff cites Dr. Wapner's testimony that he was aware of criticism of certain psychological tests he administered to Plaintiff. (*Id*. at 7-8.) Plaintiff omits the fact that based on his training and experience, Dr. Wapner disagreed with the criticism, believed the tests to be useful, and was unaware of any better diagnostic tests. (Pl.'s Opp., Wapner Tr. at 56, 62-63, 68, 73 (*Quadir II*, ECF No. 88-2; *Quadir III*, ECF No. 60-61.)) Plaintiff also notes that Dr. Bobseine and Dr. Wapner are married, but he fails to cite any evidence that their marital status affected the validity of their findings. There is no evidence that they discussed their examinations of Plaintiff or their assessment of his ability to perform his job duties. (*Id*., Wapner Tr. at 111; Pl.'s Opp., Bobseine Tr. 11-12, 39 (*Quadir II*, ECF No. 88; *Quadir III*, ECF No. 60.))

To the extent that Plaintiff finds fault with the psychological examinations, moreover, a State administrative proceeding rejected his position. Specifically, Plaintiff's suspension was affirmed after an administrative hearing and on appeal to the New York Civil Service Commission. (DOL Mem. at 9 (citing Shattuck Decl. ¶¶ 42-46; Exs. T, U, V.)) The neutral hearing officer specifically found that "regular attendance is an essential job function" for an LSR." (*Id.* (citing Shattuck Decl. ¶ 44; Ex. T at DEFS843-44.)) That determination has "strong probative weight" in this action. *See Seabrook v. v. N.Y.C. Health & Hosps. Corp*., No. 13 Civ. 4164 (NRB), 2015 WL 273652, at *7 (S.D.N.Y. Jan. 20, 2015).

Even assuming that the psychologists' findings were flawed, it is immaterial. DOL was legally entitled to suspend Plaintiff based on the determination of the Employee Health Service ("EHS") of the New York State Department of Civil Service. *See* N.Y. Civil Serv. L. § 72. As

detailed in the Declaration of EHS Medical Director Richard A. Ciulla, M.D., EHS independently determined that the psychological examinations were appropriate (Ciulla Decl. ¶ 24); chose the psychologists and arranged the evaluations (*id.* ¶¶ 20, 26, 37); and advised DOL, based on Dr. Ciulla's review of their reports and related documents, that Plaintiff was "unfit to perform the essential duties of a Labor Services Representative" (*id.* ¶¶ 32, 43). DOL did not direct or advise EHS, and EHS did not direct or advise the psychologists, whether to find Plaintiff fit or unfit for duty. (Ciulla Decl. ¶¶ 33, 44; Shattuck Decl. ¶¶ 32, 37). Thus, Plaintiff was suspended "[b]ased on Dr. Wapner's finding, as conveyed to DOL by Dr. Ciulla" that Plaintiff was unfit to perform the essential duties of an LSR. (Shattuck Decl. ¶¶ 31, 33).

Plaintiff asserts that his treating psychiatrist, Dr. Naveed Iqbal, deemed him fit to resume his duties as of January 1, 2016. (Pl.'s Opp. at 5; Ex. Q). But the Civil Service Law requires a state agency to obtain an independent medical or psychological evaluation through EHS; DOL had no authority to reinstate Plaintiff based on his own psychiatrist's say-so. CSL § 72. Moreover, Dr. Iqbal's one-paragraph note contained no test results, findings or analysis to support Plaintiff's return to work, nor did it state whether Dr. Iqbal was aware of Plaintiff's job duties and the means and methods of executing his assignments. (Ex. Q; Ciulla Decl. ¶ 6.)

Nevertheless, DOL responded affirmatively to Dr. Iqbal's note, requesting that EHS arrange a second psychological evaluation of Plaintiff. (Ciulla Decl. ¶ 34; Shattuck Decl., Ex. R.) EHS agreed to do so, and set up Plaintiff's evaluation by Dr. Bobseine after Plaintiff refused to see Dr. Wapner again. (Ciulla Decl. ¶ 37.) As a result of that examination, EHS advised DOL that Plaintiff remained "unfit to perform the essential duties of a Labor Services representative." (Ciulla Decl. ¶ 43 & Ex. EE.) DOL reasonably and lawfully relied on that finding.

Plaintiff does not dispute any of these facts or the applicable law. Thus, he cannot prevail on his claim that he was suspended because of a disability. Rather, the undisputed evidence

establishes that Plaintiff was lawfully suspended by DOL under CSL § 72.

Similarly, the undisputed facts establish that Plaintiff was lawfully terminated under CSL § 73 because he had been "continuously absent from and unable to perform the duties of his position for one year or more by reason of a disability." (Burrell Decl.¶ 8.) That decision was consistent with DOL's "regular practice of discharging employees who had been on a leave of absence for one year or more pursuant to CSL § 72." (Burrell Decl. ¶ 26; *see also id*. ¶ 9.)

Plaintiff's attempt to blame his termination on purported flaws in the two psychological evaluations is unavailing. Not only has Plaintiff failed to identify such flaws, but he has also failed to show any causal nexus between the psychological examinations and his termination. To the contrary, "[t]he sole reason for DOL's decision to terminate Plaintiff's employment was the fact that he had been on a leave of absence pursuant to CSL § 72 for more than one year and had failed to submit medical evidence that he was fit to resume his duties." (Burrell Decl. ¶ 27.) The fact that a post-termination hearing held that Plaintiff's termination was lawful (*see* Burrell Decl. ¶¶ 22-23, 25; Ex. Y, Z) has "strong probative weight." *See Seabrook*, 2015 WL 273652, at *7.

Finally, Plaintiff's Opposition reiterates the *Quadir III* Complaint's allegation that DOL terminated his medical insurance while he was suspended without pay. (Pl.'s Opp. at 2; Compl. at 5 (*Quadir III*, Ex. 2.)) But it is undisputed that "DOL did not initiate the cancellation, and did not have any authority to continue Plaintiff's coverage." (Shattuck Decl. ¶ 41). Plaintiff proffers no contrary facts and cites no legal authorities supporting his assertion that DOL canceled his health insurance – much less that DOL did so because of his disability.

Thus, Plaintiff has failed to raise a genuine dispute of material fact as to discrimination.

### III.    PLAINTIFF HAS ABANDONED AND FAILED
###         TO SUPPORT HIS RETALIATION CLAIM

DOL's Memorandum established that DOL is entitled to summary judgment on Plaintiff's retaliation claim. First, Plaintiff cannot base a retaliation claim on his request to be exempted from teaching workshops in 2012. (DOL Mem. at 31.) Second, most of DOL's purportedly retaliatory acts were not adverse under relevant law. (*Id.* at 31-33.) Third, DOL did not take any action regarding Plaintiff because he engaged in protected activity. (*Id.* at 33-34.)

Plaintiff does not dispute any of these grounds for summary judgment. Plaintiff's Opposition mentions retaliation only once, asserting that his claim is supported by various court filings. (Pl.'s Opp. at 2-3.) But those filings – his pleadings and legal briefs – are not evidence. *See Hooker v. Fournier*, 29 F. App'x 641, 643 (2d Cir. 2002); *Bartley v. Collins*, No. 95 Civ. 10161 (RJH), 2006 WL 1289256, at *7 (S.D.N.Y. May 10, 2006); Fed. R. Civ. P. 56(e).

Nor does Plaintiff's Rule 56.1 Response cite any evidence of retaliation. Plaintiff complains that he was counseled regarding his job performance and attendance and received "disciplinary write-ups." (Pl.'s Rule 56.1 Resp. ¶ 15; *id.* at p. 17, n.10.) But he does not respond to the undisputed evidence that the counseling sessions and memos were corrective, not disciplinary, in nature. (DOL Mem. at 4 (citing Ramos Decl. ¶¶ 42-44; Sheffey Decl. ¶¶ 1517; Shattuck Decl. ¶¶ 8, 19, Ex. N.)) Nor does Plaintiff cite evidence in support of his speculation that DOL's issuing "and not acting on" two notices of discipline was retaliatory. (Pl.'s Rule 56.1 Resp. ¶¶ 17, 18.) The retaliation claim should be dismissed as abandoned, or on the merits.

### CONCLUSION

For the foregoing reasons and those set forth in DOL's moving papers, the Court should grant DOL's motion for summary judgment, and such other relief as the Court deems proper.

Dated: New York, New York              LETITIA JAMES
       March 31, 2020                   Attorney General
                                    State of New York
                                    *Attorney for Defendant*

                       By: _____/s/_____
                            Michael A. Berg
                            Assistant Attorney General
                            28 Liberty Street
                            New York, New York 10005
                            (212) 416-8651
                            michael.berg@ag.ny.gov